# UNITED STATES DISTRICT COURT
# OF THE EASTERN DISTRICT OF TENNESSEE
# CHATTANOOGA DIVISION

| | |
|---|---|
| JOEL LAJAS and wife, ) | |
| DAMARIS LAJAS, ) | |
| ) | |
| Plaintiffs, ) | CIVIL ACTION |
| ) | |
| v. ) | CASE NO. _____ |
| ) | |
| UNITED STATES OF AMERICA and ) | |
| UNITED STATES DEPARTMENT OF ) | |
| HEALTH AND HUMAN SERVICES, ) | |
| ) | |
| Defendants. ) | |

# COMPLAINT

COME NOW the plaintiffs, Joel Lajas and wife, Damaris Lajas, and for their causes of action against the defendants would show the Court as follows:

## I. INTRODUCTION

1. This is a medical malpractice and negligence case brought pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, *et seq.*, in which Joel Lajas and wife, Damaris Lajas, seek compensatory damages for injuries and damages resulting from the negligence of employees or agents of the United States of America and the United States Department of Health and Human Services at Ocoee Regional Health Corporation d/b/a Cleveland Family Health Care Center in Cleveland, Bradley County, Tennessee.

## II. PARTIES

2. Plaintiff Joel Lajas is a citizen and resident of 178 Skylar Drive, Cleveland, Bradley County, Tennessee 37312.

1

3. Plaintiff Damaris Lajas is the wife of Joel Lajas and is a citizen and resident of 178 Skylar Drive, Cleveland, Bradley County, Tennessee 37312.

4. Defendant United States Department of Health and Human Services is a federal agency of the United States of America's government. The United States of America and the United States Department of Health and Human Services are proper defendants pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq*. in that the injuries and losses alleged herein were directly and proximately caused by the negligent acts and omissions of Gregory D. Terpstra, D.O. while acting within the scope of his employment at Ocoee Regional Health Corporation d/b/a Cleveland Family Health Care Center, a federally supported healthcare facility, under circumstances where the defendants, if a private person(s), would be liable to the plaintiffs in accordance with the laws of the State of Tennessee.

5. Ocoee Regional Health Corporation d/b/a Cleveland Family Health Care Center is a federally supported healthcare facility doing business as Cleveland Family Health Care Center located at 1420 Fritz Street, Cleveland, Bradley County, Tennessee 37323.

6. Pursuant to the Federally Supported Health Centers Assistance Act of 1992, 42 U.S.C. § 233(g)-(n), as amended, the FTCA is the exclusive remedy for injuries caused by employees of a deemed community health center on or after January 1, 1993, or when the health center was deemed eligible for coverage. Ocoee Regional Health Corporation d/b/a Cleveland Family Health Care Center was deemed eligible for coverage under the FTCA effective January 1, 2011 and its coverage has continued without interruption since that time.

7. At all times material hereto Gregory D. Terpstra, D.O. was a federal employee and/or agent of Ocoee Regional Health Corporation d/b/a Cleveland Family Health Care Center and provided improper and negligent medical care to plaintiff Joel Lajas on March 14, 2011.

## III. JURISDICTION, NOTICE AND CONDITIONS PRECEDENT

8. This action arises under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, *et seq*. and to the extent applicable, the Federally Supported Health Centers Assistance Act of 1992, 42 U.S.C. § 233(g)-(n), as amended.

9. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1346(b) and 28 U.S.C. § 2675.

10. Pursuant to 28 U.S.C. § 1402(b), venue is proper in the Eastern District of Tennessee because the negligent acts and omissions, which form the basis of this complaint, were committed in Cleveland, Bradley County, Tennessee.

11. Plaintiffs have fully complied with the provisions of 28 U.S.C. § 2675.

12. On or about January 10, 2013, an administrative tort claim was submitted to the United States Department of Health and Human Services by Joel Lajas, through counsel, for his claim for injuries and damages as set forth below.

13. On or about January 10, 2013, an administrative tort claim was submitted to the United States Department of Health and Human Services by Damaris Lajas, through counsel, for her derivative claim for damages as set forth below.

14. In a letter dated January 22, 2013, the United States Department of Health and Human Services acknowledged that Joel Lajas and wife, Damaris Lajas' claims had been received by the Claims Office on January 15, 2013 for consideration and reply.

15. Since that time, Mr. and Mrs. Lajas' have, through counsel in good faith, attempted to negotiate a settlement of their administrative claims with the United States Department of Health and Human Services. In a final attempt to settle Mr. and Mrs. Lajas' claims, on September 20, 2013, plaintiffs' counsel mailed a settlement package titled "NOTICE

3

OF INTENT TO FILE CIVIL ACTION and SETTLEMENT DEMAND OF ADMINISTRATIVE CLAIMS" via U.S.P.S. Certified Mail No. 7012 2210 0001 3509 2300 to the United States Department of Health and Human Services.  On December 20, 2013, plaintiffs' counsel mailed a letter titled "REQUEST FOR RESPONSE: NOTICE OF INTENT TO FILE CIVIL ACTION and SETTLEMENT DEMAND OF ADMINISTATIVE CLAIMS", requesting a response to plaintiffs' multiple settlement demands.  The United States Department of Health and Human Services failed to respond.  The United States Department of Health and Human Services has also failed to make a final disposition of Mr. and Mrs. Lajas' claims within six (6) months from the date of its receipt of plaintiffs' claims.

16. Pursuant to 28 U.S.C. § 2675(a), Joel Lajas and wife, Damaris Lajas, deem such failures by the United States Department of Health and Human Services to be a denial of their administrative tort claims and elect to file suit.

### IV. COMPLIANCE WITH STATUTORY NOTICE REQUIREMENTS

17. Joel Lajas and wife, Damaris Lajas, through counsel, have complied with the provisions of Tenn. Code Ann. § 29-26-121(a) which requires that any person asserting a potential claim for medical malpractice shall give written notice of such potential claim to each health care provider against whom such potential claim is being made at least sixty (60) days before the filing of a complaint based upon medical malpractice.

18. The affidavit of Jimmy W. Bilbo, attached hereto as **Exhibit A**, confirms that statutory notice was mailed by certified mail (7011 2000 0000 6067 0211) to Ocoee Regional Health Corporation, Registered Agent: William R. Moates, 126 Polk Street, Benton, Tennessee 37307-3630, in conformity with Tenn. Code Ann. § 29-26-121(a), on March 13, 2012.

19. The affidavit of Jimmy W. Bilbo, attached hereto as **Exhibit B**, confirms that statutory notice was mailed by certified mail (7011 1570 0000 7074 2691) to Cleveland Family Health Care Center, 1420 Fritz Street, Cleveland, Tennessee, 37323, in conformity with Tenn. Code Ann. § 29-26-121(a), on March 13, 2012.

20. The affidavit of Jimmy W. Bilbo, attached hereto as **Exhibit C**, confirms that statutory notice was mailed by certified mail (7011 2000 0000 6067 0235) to Gregory D. Terpstra, D.O., 3629 Sourwood Trail, Cleveland, Tennessee 37312-2032, in conformity with Tenn. Code Ann. § 29-26-121(a), on March 13, 2012.

21. The affidavit of Jimmy W. Bilbo, attached hereto as **Exhibit D**, confirms that statutory notice was mailed by certified mail (7011 2000 0000 6067 0204) to Gregory Dean Terpstra, D.O., 2401 N. Ocoee Street, Cleveland, Tennessee 37311, in conformity with Tenn. Code Ann. § 29-26-121(a), on March 13, 2012. This mailing was returned to our office marked unable to forward.

22. The affidavit of Jimmy W. Bilbo, attached hereto as **Exhibit E**, confirms that statutory notice was mailed by certified mail (7011 2000 0000 6067 0228) to Gregory Dean Terpstra, D.O., 1420 Fritz Street, Cleveland, Tennessee 37323, in conformity with Tenn. Code Ann. § 29-26-121(a), on March 13, 2012. This mailing was returned to our office marked unable to forward.

23. By letter dated May 15, 2012, the United States Department of Health and Human Services' Office of General Counsel, General Law Division, confirmed that it had received notice of Joel Lajas and wife, Damaris Lajas' claims.

24. The notices described in paragraphs 17-22 above were timely provided within the statute of limitations pursuant to the Federal Tort Claims Act. The sixty (60) day waiting period has now passed and pursuant to Tenn. Code Ann. § 29-26-121(c), this action is timely filed.

25. In accordance with Tenn. Code Ann. § 29-26-122, attached as **Exhibit F** is the Certificate of Good Faith asserting that plaintiffs' counsel has consulted with one (1) or more experts who provided a signed written statement confirming that upon information and belief they (a) are competent under Tenn. Code Ann. § 29-26-115 to express opinion(s) in the case; and (b) believe, based on the information available from the medical records concerning the care and treatment of Joel Lajas for the incidents at issue, that there is a good faith basis to maintain the action consistent with the requirements of Tenn. Code Ann. § 29-26-115.

### V. STATEMENT OF FACTS

26. On March 14, 2011, Damaris Lajas transported her husband, Joel Lajas, to Cleveland Family Health Care Center (hereinafter referred to as "Center") for evaluation by his primary care physician, Gregory D. Terpstra, D.O.

27. For several days prior to his appointment with Gregory D. Terpstra, D.O., Mr. Lajas had been experiencing flu-like symptoms, shortness of breath, earache, fever, blisters, significant redness and pain and swelling in his neck.

28. When Mr. Lajas arrived at the Center, he was unable to stand on his own strength and was taken to the examination room in a wheelchair. After a brief examination, Gregory D. Terpstra, D.O. told Damaris Lajas that her husband had an ear infection and that he was prescribing erythromycin to Mr. Lajas. When asked about Mr. Lajas' neck, Gregory D. Terpstra, D.O. stated it was due to swollen lymph nodes and suggested a warm compress. When asked about the blistering, he advised that it was a result of Mr. Lajas' fever, and stated that Mr. Lajas'

elevated blood sugar was due to the infection. Despite Damaris Lajas' growing concern for her husband, Gregory D. Terpstra, D.O. appeared disinterested and left the examination room.

29. Although medically indicated, at no time during his examination of Joel Lajas, did Gregory D. Terpstra, D.O. order, perform, or have performed diagnostic testing, including, but not limited to diagnostic imaging, ultrasound, and/or blood tests to ascertain the true cause of Mr. Lajas' complaints.

30. Within forty-eight (48) hours of arriving home, Joel Lajas' condition worsened to the point that he could neither stand nor keep food down. He was having hallucinations and had visible blisters and bruises all over his body.

31. On March 17, 2011, Joel Lajas was transported to the emergency department at SkyRidge Medical Center located in Cleveland, Tennessee. Upon arrival, Mr. Lajas was assessed and subsequently admitted to the Intensive Care Unit.

32. Following Mr. Lajas' admittance, Damaris Lajas was told by attending SkyRidge physician, Dr. Than Zaw W. Tin, that her husband should have been referred to emergency care sooner and that it may be too late.

33. Due to the severity of Joel Lajas' condition, Damaris and other family members were advised that Mr. Lajas might not survive and that they should have all necessary conversations.

34. Joel Lajas was discharged from SkyRidge Medical Center after spending approximately twenty (20) days under inpatient care.

35. Following his discharge, Mr. Lajas was unable to care for himself, and was confined to sit in a recliner for weeks. He required additional medical treatment, including an additional six (6) day hospitalization at SkyRidge Medical Center, incurred substantial medical

and other expenses and endured significant pain and suffering, all as a direct and proximate result of the negligent acts and omissions of the defendants.

## VI. WRONGS COMPLAINED OF THE DEFENDANTS

36. All preceding statements of this Complaint are incorporated herein and re-alleged as if expressly set forth.

37. At all times material hereto, the relationships of physician/patient and healthcare provider/patient existed between the defendants, itheir agents, agencies, facilities, and/or employees, and Joel Lajas.

38. Any negligence of any of the agents, agencies, facilities and/or employees of the United States of America or the United States Department of Health and Human Services is, as a matter of law, imputed to the United States of America.

39. Gregory D. Terpstra, D.O. was an actual, apparent and/or ostensible agent and/or federal employee of the United States of America and/or the United States Department of Health and Human Services, via his employment at Ocoee Regional Health Corporation d/b/a Cleveland Family Health Care Center, a federally supported healthcare facility. Ocoee Regional Health Corporation was deemed eligible for coverage under the FTCA effective January 1, 2011 and its coverage has continued without interruption since that time. As such, the United States of America and/or the United States Department of Health and Human Services is/are vicariously liable for the negligent acts and/or omissions of Ocoee Regional Health Corporation d/b/a Cleveland Family Health Care Center and/or its agent and/or employee, Gregory D. Terpstra, D.O., by and through the laws of agency and/or pursuant to the doctrine of *respondeat superior*.

40. The defendants, individually, and by and through their agents, agencies, facilities, and/or employees, are additionally negligent in hiring, supervising, retaining, and/or continuing to employ and/or grant privileges to Gregory D. Terpstra, D.O., when either or both knew, or should have known through the exercise of reasonable care that it was likely and foreseeable that his negligent, substandard care would result in injury to a patient such as Joel Lajas.

41. The defendants, their agencies and/or facilities, are also directly liable for the injuries and losses to Joel Lajas, independent of any liability of the defendants' employees and/or agents due to the breach of the duty of reasonable care that either or both owed to patient, Joel Lajas. The defendants failed to formulate the policies and procedures necessary to asses and treat the physical and medical signs, symptoms, and conditions of patients, including Joel Lajas, or the defendants failed to enforce, or otherwise ensure, that their agents, agencies, facilities, and/or employees followed the proper procedures to assess and treat physical and medical signs, symptoms, and conditions of patients, including Joel Lajas, which resulted in his injuries and losses.

42. Without limiting plaintiffs' general allegation of negligence, the defendants, individually, and by and through their actual, apparent and/or ostensible agents, agencies, facilities and/or employees, acted with less than or failed to act with ordinary and reasonable care which was below the recognized standard of acceptable professional practice in the professions and specialties thereof that the defendants and/or their actual, apparent and/or ostensible agents, agencies, facilities and/or employees, practiced in Cleveland, Bradley County, Tennessee or a similar community at the time of the negligent conduct and resulting injuries. The defendants, individually, and by and through their actual, apparent and/or ostensible agents, agencies, facilities and/or employees, rendered negligent treatment by:

9

a. Carelessly and negligently failing to provide appropriate and reasonable care to Joel Lajas;

b. Carelessly and negligently failing to properly and timely assess the true physical and medical condition(s) of Joel Lajas;

c. Carelessly and negligently misinterpreting the signs and symptoms of Joel Lajas;

d. Carelessly and negligently failing to recognize the seriousness of the physical and medical condition(s) of Joel Lajas;

e. Carelessly and negligently mismanaging the patient, Joel Lajas;

f. Carelessly and negligently failing to diagnose Joel Lajas' medical symptoms as clinically significant;

g. Carelessly and negligently failing to perform proper medical testing, including, but not limited to, diagnostic imaging tests and/or blood tests to determine the true cause of Joel Lajas complaints;

h. Carelessly and negligently instructing Joel Lajas to return home when his signs and symptoms indicated that he undergo further medical evaluation.

43. As a direct and proximate result of the negligence of the defendants, individually, and by and through their agents, agencies, facilities and/or employees, Joel Lajas was subjected to a delay in medically indicated emergency care resulting in serious bodily injuries, intensive care, extended hospitalization(s), and recovery. Joel Lajas would not have been injured, suffered, and incurred significant medical and other expenses absent the negligence of the defendants, individually, and by and through their agents, agencies, facilities and/or employees, such that the law of *res ipsa loquitur* applies.

10

## VII. DAMAGES

44. All preceding statements of this Complaint are incorporated herein and re-alleged as if expressly set forth.

45. As a direct and proximate result of the negligent acts and omissions of the defendants, individually, and by and through their agents, agencies, facilities and/or employees, Joel Lajas suffered grievous injuries and endured horrible physical and mental pain and suffering which would not have occurred absent defendants' negligence, actions and omissions.

46. As a direct and proximate result of the defendants' failure to properly assess, diagnose and treat Joel Lajas, plaintiffs have incurred reasonable and necessary medical expenses.

47. As a direct and proximate result of the negligence of the defendants, individually, and by and through their agents, agencies, facilities and/or employees, Joel Lajas and wife, Damaris Lajas, are entitled to an award for all elements of compensatory damages allowable under the laws of the State of Tennessee in a medical malpractice action.

## VIII. DERIVATIVE CLAIM OF DAMARIS LAJAS

48. All preceding statements of this Complaint are incorporated herein and re-alleged as if expressly set forth.

49. At all times material hereto, Damaris Lajas was and remains the lawful wife of Joel Lajas.

50. Damaris Lajas states that because the defendants, individually, and by and through their agents, agencies, facilities and/or employees, carelessly and negligently failed to provide timely, appropriate and reasonable treatment to Joel Lajas, her husband's condition worsened and that, as a direct and proximate result, she was deprived of both the tangible

11

services and intangible benefits of her husband, including, but not limited to, his valuable services, society, love, advice, affection, protection and consortium.

## IX. PRAYER FOR RELIEF

WHEREFORE AND FOR ALL OF WHICH, the plaintiffs, Joel Lajas and wife, Damaris Lajas, are entitled to damages from the United States of America and the United States Department of Health and Human Services, and pray that judgment be entered in their favor, and against the defendants, as follows:

a. For a fair, reasonable and appropriate verdict against defendants for compensatory damages in the amount of $2,281,768.00 as compensatory damages for the injuries and losses suffered by Joel Lajas and wife, Damaris Lajas;

b. That all allowable discretionary costs be taxed to the defendants;

c. That all post-judgment interest allowed by law be taxed to the defendants; and

d. That Joel Lajas and wife, Damaris Lajas, be granted all such other, further and general relief to which each or both may be deemed entitled.

Joel Lajas and wife, Damaris Lajas, respectfully reserve the right to amend this Complaint to conform to the evidence as it develops.

Respectfully submitted,
BILBO LAW OFFICE, P.C., by

s/Jimmy W. Bilbo
JIMMY W. BILBO (BPR No. 011408)
BRENT McINTOSH (BPR No. 030259)
DANIEL W. CLANTON (BPR. No. 031071)
Attorneys for Plaintiffs
150 N. Ocoee Street
P.O. Box 62
Cleveland, TN 37364-0062
(423) 476-3556 (Telephone)
(423) 476-3551 (Facsimile)
jimbilbo@bilbolaw.com
brentm@bilbolaw.com
danielc@bilbolaw.com